IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM SAVETT, | ) | CASE NO. 1:20 CV 42 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | |
| GREAT AMERICAN POWER, LLC, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by Defendant, Great American Power, LLC ("Great American") (Docket #17).

I.  **Factual and Procedural Background.**[1]

On January 8, 2020, Plaintiff, Adam Savett, filed his Class Action Complaint against Great American. Mr. Savett, individually and on behalf of others similarly situated, alleges that Great American, a certified supplier in the Ohio Energy Choice Program that offers electricity and natural gas to consumers in Ohio, made unsolicited telemarketing calls to the residential

---

[1] The facts as stated in this Memorandum Opinion and Order are taken from the Parties' submissions. Those material facts that are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving Party.

telephone numbers of Savett and the Class in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). Mr. Savett alleges that he is the registered account owner and regular user of a voice-over-internet protocol telephone number, 610-xxx-4550 (the Subject Number"); that on October 4, 2019 at 6:26 p.m., he received an unsolicited, prerecorded phone call to the Subject Number from, or on behalf of, Great American, stating that New Wave was calling to offer Mr. Savett discounted electricity and natural gas; that he had never provided prior written consent to Great American to receive prerecorded phone calls to the Subject Number; and, that the call violated 47 U.S.C. § 227(b)(1)(B), which prohibits unsolicited prerecorded calls to residential telephones.

On May 15, 2020, with leave of Court, Great American filed a Motion for Summary Judgment. (Docket #17.) Great American argues that the Subject Number is a business telephone line, not residential and, therefore, that the protections of Section 227(b)(1)(B) do not apply. Great American alleges that Mr. Savett, an attorney who lives in Solon, Ohio, listed the Subject Number as his contact number for business purposes in numerous Court filings; on the website for his Law Firm which is located in Allentown, Pennsylvania; in his registration for this Court's electronic filing system; in applications to practice law in Pennsylvania and New Jersey; and, in marketing materials and legal directories. Great American asserts that the 610 area code is associated with Eastern Pennsylvania, not Mr. Savett's claimed county of residence, Cuyahoga County, Ohio. Citing *Bank v. Indep. Energy Grp. LLC*, Case No. 12 CV 1369, 2015 U.S. Dist. LEXIS 96532 (E.D.N.Y. July 23, 2015) ("*Bank II*"), Great American argues that because Mr. Savett holds the Subject Number out to the general public as a business line, it should not be considered residential for purposes of the TCPA, even if it is registered as such with the telephone company.

Mr. Savett filed his Memorandum in Opposition on June 12, 2020. (Docket #20). Mr. Savett states that the Subject Number is a consumer landline utilizing a voice-over-internet protocol at his primary residence at 31760 Woodsdale Lane in Solon, Ohio, and was assigned to him on or about July 26, 2016, upon enrolling in a residential calling plan with Vonage America LLC. Mr. Savett argues that Great American's calls target residences, not businesses, with the goal of securing new customers for its electric and natural gas services. Mr. Savett argues that by calling his residential landline attempting to sell him residential electricity services, Great American violated Section 227(b)(1)(B) of the TCPA. Mr. Savett does not deny that he uses the Subject Number in various ways associated with his business, but argues that the FCC expressly "decline[d] to exempt from the do-not-call rules those calls made to 'home-based businesses'" and stated that it would "review such calls as they are brought to our attention to determine whether or not the call was made to a residential subscriber." *Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 20 FCC Rcd. 3788, 3793 (2005). Accordingly, Mr. Savett argues that whether a residential line simultaneously employed for some professional purpose constitutes a residential telephone line for purposes of the TCPA must be examined on a case by case basis and is a question of fact rendering summary judgment inappropriate.

Mr. Savett argues that Great American's reliance on *Bank II* is misplaced, given the fact that the Motion for Summary Judgment in *Bank II* was decided on a "more robust factual record," after discovery.[2] Mr. Savett relies, in part, on the decision in *Clauss v. Legend Secs.,*

---

2

In the *Bank*, the plaintiff, an attorney who used the subject telephone number in various ways related to his practice of law, argued that because the telephone number was registered with his service provider as a residential line, and used for both personal and business purposes, defendants' calls violated Section 227(b)(1)(B). Initially, the defendants in *Bank* filed a Motion to Dismiss, arguing that because Bank held the telephone number out to the public as his business number in a myriad of ways, the

*Inc.*, Case No. 4:13 CV 381, 2014 U.S. Dist. LEXIS 184286 (S.D. Iowa Sept. 8, 2014). In *Clauss*, the plaintiff, an attorney running a legal practice out of his home, listed his home telephone number in certain business-related documents and on business-related websites. Citing the FCC Rules and Regulations mentioned above, the Court in *Clauss* denied summary judgment, stating as follows:

> The parties dispute whether Plaintiff's number was a business number at the time Plaintiff received these calls . . . Here, there is evidence supporting both the contention that Plaintiff's phone number was a residential phone number and that the phone number was a business phone number. In fact, based on the evidence before the Court, a jury could reasonably conclude that Plaintiff's pone number was simultaneously a residential and business pone, or the number for a home-based business. Whether Plaintiff's phone number was a business number at the time Plaintiff received these calls is a disputed issue of material fact . . . Here, Defendant's liability hinges on whether Plaintiff's business number and therefore exempt [sic] from the Do Not Call restrictions. The law in question is inapplicable if Defendant was calling Plaintiff at his business phone number. Whether this phone number was a business number at the time the calls were made is therefore a disputed genuine issue of material fact.

*Clauss*, 2014 U.S. Dist. LEXIS 184286, at *6-7.

---

subject telephone number was not "residential" for purposes of the TCPA. The defendants in *Bank* offered evidence much like that referenced by Great American. *Bank v. Indep. Energy Grp. LLC*, Case No. 12 CV 1369, 2014 U.S. Dist. LEXIS 141141 (E.D. N.Y. Oct. 2, 2014) ("*Bank I*"). The Court stated that if a subscriber holds out his telephone number to the general public as a business line, the line should not be considered "residential" for the purposes of the TCPA, even if registered as such. Nevertheless, the Court denied the defendants' Motion to Dismiss, stating there was insufficient evidence by which to determine whether the telephone line at issue was "residential" for purpose of § 227(b)(1)(B). The Court permitted limited discovery, and later granted the defendants' summary judgment motion, concluding that based on the evidence of record, no reasonable juror could find the subject telephone number to be residential. *Bank II*, 2015 U.S. Dist. LEXIS 96532, *4.

    Mr. Savett notes that the decision in *Bank II* was appealed to the Second Circuit Court of Appeals, and that a Petition for declaratory ruling was filed also with the FCC to determine whether a telephone line in a home that is used for business purposes may be considered a "residential line" under the TCPA. Both the Appeal and Petition remain pending.

Great American filed a Reply Brief on June 29, 2020 (Docket #21), in large part reiterating the arguments raised in its Motion for Summary Judgment.

**II.     Standard of Review.**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. Ohio 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. Mich. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover,

if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. Ky. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in

favor of either party." *Anderson*, 477 U.S. at 250.

### III. Discussion.

Pursuant to Section 227(b)(1)(B) of the TCPA, it is unlawful "to initiate any telephone call to any residential line using an artificial or recorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission . . ." As set forth above, the FCC has "declined to exempt from the do-not-call rules those calls made to 'home-based businesses,'" stating such calls will be reviewed by the FCC on a case-by-case basis "to determine whether or not the call was made to a residential subscriber." *Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 20 FCC Rcd. 3788, 3793 (2005). "Courts have routinely looked at the facts and circumstances surrounding a particular case before deciding whether TCPA protection extended to a particular telephone number that was used for both business and residential purposes." *Blevins v. Premium Merch. Funding One, LLC*, Case No. 2:18 CV 377, 2018 U.S. Dist. LEXIS 183362 (S.D. Ohio Oct. 25, 2018) (citing, in part, *Baker v. Certified Payment Processing, L.P.*, Case No. 16 CV 3002, 2016 U.S. Dist. LEXIS 78368, at *3 (C.D. Ill. June 16, 2016) (denying defendant's motion to dismiss notwithstanding the plaintiff's admitted business use of the telephone number so that the parties could conduct discovery to determine whether the phone line was residential or business); *Clauss v. Legend Sec., Inc.*, Case No. 13 CV 00381, 2014 U.S. Dist. LEXIS 184286, at *3 (S.D. Iowa Sept. 8, 2014) (denying defendant's motion for summary judgment where the parties disputed the plaintiff's use of the telephone number at the time of the defendant's contact and whether the subject phone line was residential or business); *Bank v. Indep. Energy Grp. LLC*, No. Case No. 12 CV 1369, 2014 U.S. Dist. LEXIS 141141, at *4 (E.D.N.Y Oct. 2, 2014) ("*Bank I*") (denying defendants' 12(b)(6) motion

without limited discovery to determine whether the plaintiff's phone line was "residential")).

Great American requested and was granted leave filed its Motion for Summary Judgment prior to the Parties conducting discovery, and attaches examples from public sources in which Mr. Savett used the Subject Number in connection with his work as an attorney as evidence that the Subject Number does not qualify as a "residential" telephone line for purposes of the TCPA. However, as stated above, Mr. Savett disputes Great American's characterization and contends that although he uses the Subject Number for work, it is a residential phone line as contemplated under the TCPA. While *Bank II*, relied upon by Great American, was eventually resolved in favor of the defendants on summary judgment, the decision was made after discovery was complete. The summary judgment standard requires the Court to resolve all questions in favor of Mr. Savett and, without the benefit of discovery, a decision regarding whether the Subject Number constitutes a residential or business telephone line would be premature.

## IV.     Conclusion.

For the foregoing reasons, Great American's Motion for Summary Judgment (Docket #17) is hereby DENIED.

The discovery deadline in this case remains November 1, 2020.

A status conference is hereby set for October 29, 2020 at 10:00 a.m., via telephone, at which time future deadlines will be set.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: July 23, 2020

-8-